IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| YAMAN F. TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File |
| v. | ) | |
| | ) | Number 1:20-cv-02531-AT |
| DOMINO'S PIZZA LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **DEFENDANT DOMINO'S PIZZA LLC'S MOTION TO DISMISS WITH CONSOLIDATED BRIEF IN SUPPORT**

COMES NOW Defendant Domino's Pizza LLC ("Domino's") and, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby files this motion to dismiss the Complaint of Plaintiff Yaman F. Taylor ("Mr. Taylor") because Mr. Taylor lacks Article III standing to pursue the claims he has asserted.

### **Introduction and Factual Background**

Mr. Taylor claims that Domino's violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), by sending him unsolicited text messages using an automatic telephone dialing system. (Compl., ¶¶ 6, 16-17, 31).[1]  But other than a

---

[1] The system that Domino's uses to send out text messages does not violate the TCPA, and Domino's disputes many of the other allegations in Mr. Taylor's

vague assertion that Domino's text messages are an "invasion of [his] legally protected privacy rights" that caused him "harassment," Mr. Taylor fails to allege how he has actually been injured by the claimed violations of the TCPA. (*Id.*, ¶ 29),[2] Mr. Taylor provides no facts to support the bare assertion that the text messages at issue invaded his privacy and harassed him. Accordingly, under the recent opinion of the Eleventh Circuit in *Salcedo v. Hanna*, 936 F.3d 1162 (11th Cir. 2019), Mr. Taylor lacks standing to pursue his claims.

Mr. Taylor alleges that Domino's sent him forty-three text messages, although he has never given Domino's his cellular phone number or otherwise consented to receiving communications from Domino's on his phone. (Compl., ¶¶ 28, 31). Mr. Taylor further claims that those messages violate the TCPA and allow him to recover statutory damages for each alleged text. But other than the assertion of a bare

---

Complaint, but for purposes of this motion only, the Court may accept as true the well-pleaded allegations of the Complaint.

[2] In paragraph 29 of his Complaint, Mr. Taylor alleges that it was "unwarranted phone calls" that harassed him, but nowhere in the Complaint does Mr. Taylor provide any detail about unsolicited phone calls from Domino's that violate the TCPA. It appears that the reference to "phone calls" may be a typo that Mr. Taylor made while adapting complaints he has filed in prior TCPA lawsuits to draft the complaint in this case. Each of those prior lawsuits was filed in this Court. (*See Yaman Taylor v. Sterling, Inc., et al.*, 1:17-CV-5184-AT; *Yaman Taylor v. SAFCO, LLC*, 1:17-CV-0268-AT; *Yaman Taylor, et al. v. NationStar Mortgage, LLC*, 1:15-CV-04403-AT-LTW; *Yaman Taylor v. American Eagle Outfitters, Inc.*, 1:20-CV-0725-AT).

statutory violation,  he fails to explain how he has suffered any actual or concrete damage resulting from the texts. (*See id.*, ¶¶ 29, 32, 35).  Mr. Taylor purports to quote or "parrot" the TCPA and cases interpreting that statute regarding the harm that Congress intended to prevent, but he fails to explain how Domino's alleged violations of that statute actually harmed him in any concrete way.  (*See id.*, ¶¶ 3-5, 12-13, 15).  Because Mr. Taylor's Complaint rests solely on statutory damages, without any reference to actual harm, he lacks standing and his Complaint must be dismissed.

## Argument and Citation of Authorities

The U.S. Constitution only empowers Federal courts to decide "cases" or "controversies," meaning that a plaintiff filing an action in Federal court must have standing to pursue that claim.  *See* U.S. Const. art. III., § 2.  To ensure that a plaintiff has standing, the Court must determine whether a plaintiff has alleged a "concrete injury."  *Glasser v. Hilton Grand Vacations Co.*, 948 F.3d 1301, 1305 (11th Cir. 2020).  As the United States Supreme Court has explained, a "concrete" injury is one that is "*de facto*," that "must actually exist," and that is "'real' and not 'abstract.'"  *Spokeo, Inc. v. Robins*, ___ U.S. ___, 136 S. Ct. 1540, 1548 (2016).

Even when Congress has enacted a statute and provide a private right of action to sue for violations of that statute, the Court must still analyze whether a plaintiff

has actually suffered a concrete injury sufficient to provide standing to sue because "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* at 1549; *see also Salcedo v. Hanna*, 936 F.3d 1162, 1167 (2019) ("[A]n act of Congress that creates a statutory right and a private right of action to sue does not automatically create standing.").

The plaintiff bears the burden of establishing his standing to sue, even at the pleading stage, and must "clearly . . . allege facts demonstrating each element" of standing. *Spokeo*, 136 S. Ct. at 1547. When the plaintiff fails to allege sufficient facts to establish a concrete injury, the plaintiff's claims must be dismissed. *See Salcedo*, 936 F.3d at 1172 (reversing the trial court's denial of the defendant's motion to dismiss the plaintiff's complaint, which did not adequately allege facts supporting the plaintiff's standing).

Here, Mr. Taylor has failed to allege any facts to support a concrete injury. He alleges, without any supporting detail, that Domino's text messages constituted "harassment," but he utterly fails to explain how he was actually harassed by text messages that he could have ignored or blocked on his cell phone. (Compl., ¶ 29). He also claims that Domino's invaded his privacy rights, but the Eleventh Circuit has held that the receipt of text messages on a cell phone, in and of itself, does not amount to an invasion of privacy.

In *Salcedo*, the plaintiff sued his former attorney for violating the TCPA by sending him an unsolicited text message.  The district court denied the defendant's motion to dismiss the action on the grounds that the plaintiff lacked Article III standing.  On appeal, the Eleventh Circuit reversed, holding that the plaintiff had not alleged sufficient facts to carry his burden to demonstrate a concrete injury.  The plaintiff insisted that the text message had invaded his privacy, but the Eleventh Circuit expressly rejected that argument, noting that, although the TCPA was supported by Congressional findings that telemarketing phone calls to a home landline invade privacy, the TCPA "is completely silent on the subject of unsolicited text messages." *Id.* at 1168-69.  The Eleventh Circuit explained that cell phones "often have their ringers silenced, presenting less potential for nuisance and home intrusion." *Id.* at 1169.  Moreover, sending a text message to a private cell phone "is not closely related to the severe kinds of actively intermeddling intrusions that the traditional tort [of invasion of privacy] contemplates."  *Id.* at 1171.[3]

---

[3] Indeed, under Georgia law, a defendant who has made repeated phone calls to a plaintiff has not invaded the plaintiff's privacy.  Thus, the plaintiff does not have a common law cause of action against the defendant for such calls.  *See Benedict v. State Farm Bank FSB*, 309 Ga. App. 133, 136-37, 709 S.E.2d 314, 317-18 (2011) ("Because [the plaintiff] does not allege any conduct that is akin to surveillance, a physical trespass upon his property, or a physical touching of his person, we must conclude that [the plaintiff] fails to state a claim upon which relief can be granted under any of [Georgia's] intrusion precedents.").  This holding would apply with

Accordingly, Mr. Taylor's appeal to an alleged "invasion" of his "privacy rights" is not enough to constitute a concrete injury. (*See* Compl., ¶ 29). Mr. Taylor has thus failed to allege standing under Article III, and his complaint must be dismissed.

WHEREFORE, Domino's respectfully requests that the Court dismiss Mr. Taylor's Complaint in its entirety because Mr. Taylor has failed  to allege a concrete injury that would confer standing upon him to bring this action.

This the 20th day of July, 2020.

Respectfully submitted,

COLES BARTON LLP

 */s/ Aaron P.M. Tady*
Thomas M. Barton
Georgia Bar Number 040821
Aaron P.M. Tady
Georgia Bar Number 696273

150 South Perry Street, Suite 100
Lawrenceville, Georgia 30046
(770) 995-5552 – Telephone
(770) 995-5582 – Facsimile
tbarton@colesbarton.com
atady@colesbarton.com

*Attorneys for Defendant Domino's Pizza LLC*

---

even greater force to the repeated receipt of text messages, which are not nearly as disruptive or "intrusive" as phone calls.

## <u>CERTIFICATE OF SERVICE AND COMPLIANCE</u>

This is to certify that today I electronically filed the within and foregoing **"Defendant Domino's Pizza LLC's Motion to Dismiss with Consolidated Brief in Support"** and have served all parties who have appeared in this case using the CM/ECF System, which will automatically generate an e-mail notification of such filing to all the attorneys of record listed with the Clerk of Court.

Pursuant to Local Rule 5.1C, the undersigned counsel for Defendant hereby certifies that the foregoing document was prepared in Times New Roman, 14-point font.

Respectfully submitted this the 20th day of July, 2020.

_/s/ Aaron P.M. Tady_
Aaron P.M. Tady
Georgia Bar Number 696273

COLES BARTON LLP
150 South Perry Street, Suite 100
Lawrenceville, Georgia 30046
(770) 995-5552 – Telephone
(770) 995-5582 – Facsimile
tbarton@colesbarton.com          *Attorney for Defendant Domino's*
atady@colesbarton.com            *Pizza, LLC*