IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| YAMAN F. TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>DOMINO'S PIZZA LLC,<br><br>Defendant. | Civil Action File<br><br>Number 1:20-cv-02531-AT |

**DEFENDANT DOMINO'S PIZZA LLC'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT WITH CONSOLIDATED BRIEF IN SUPPORT**

COMES NOW Defendant Domino's Pizza LLC ("Domino's") and, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby files this motion to dismiss the Amended Complaint of Plaintiff Yaman F. Taylor ("Mr. Taylor") because Mr. Taylor lacks Article III standing to pursue the claims he has asserted.

**Introduction and Factual Background**

Even after amending his complaint in response to Domino's motion to dismiss, Mr. Taylor still fails to allege facts sufficient to establish Article III standing in this case wherein Mr. Taylor claims that Domino's violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), by sending him

unsolicited text messages using an automatic telephone dialing system. (Amend. Compl., ¶¶ 17-18, 34, 37).[1] Mr. Taylor asserts that Domino's text messages are an "invasion of [his] legally protected privacy rights" that amounted to a "course of hounding the Plaintiff." (*Id.*, ¶ 32). But Mr. Taylor fails to provide plausible factual allegations to support his assertion that the occasional receipt of texts constituted a concrete and real injury.[2] Accordingly, under the recent opinion of the Eleventh Circuit in *Salcedo v. Hanna*, 936 F.3d 1162 (11th Cir. 2019), Mr. Taylor lacks standing to pursue his claims.

---

[1] The system that Domino's uses to send out text messages does not violate the TCPA, and Domino's disputes many of the other allegations in Mr. Taylor's Amended Complaint, but for purposes of this motion only, the Court may accept as true the well-pleaded allegations of the Amended Complaint.

[2] In paragraph 32 of his Amended Complaint, Mr. Taylor alleges that he was harassed by "repeated calls," but he fails to provide any detail about unsolicited phone calls from Domino's that violate the TCPA. It appears that the reference to "calls" is a typographical error that Mr. Taylor made while adapting complaints he has filed in prior TCPA lawsuits to draft the complaint in this case. Each of those prior lawsuits was filed in this Court. (*See Yaman Taylor v. Sterling, Inc., et al.*, 1:17-CV-5184-AT; *Yaman Taylor v. SAFCO, LLC*, 1:17-CV-0268-AT; *Yaman Taylor, et al. v. NationStar Mtg., LLC*, 1:15-CV-04403-AT-LTW; *Yaman Taylor v. American Eagle Outfitters, Inc.*, 1:20-CV-0725-AT). Moreover, Mr. Taylor makes clear that he is equating text messages with "calls" in his pleading. (Am. Compl., ¶¶ 7, 30). Additionally, Mr. Taylor attaches to his Amended Complaint the alleged content of 45 text messages he claims to have received. (*See* Am. Compl., Ex. A). He does not provide any detail about any purported telephone calls. To the extent that the Court finds that Mr. Taylor's claims are based on both text messages and phone calls, the Court should order Mr. Taylor to provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

Mr. Taylor alleges that Domino's sent him forty-five unsolicited text messages despite never giving Domino's his cellular phone number or otherwise consented to receiving communications from Domino's on his phone. (Am. Compl., ¶¶ 18-19). Mr. Taylor further claims that those messages violate the TCPA and allow him to recover statutory damages for each alleged text message. But other than the assertion of a bare statutory violation, he fails to provide any plausible fact allegations to support his assertion that he has suffered an actual, concrete injury from his receipt of those text messages. Mr. Taylor purports to quote or "parrot" the TCPA and cases interpreting that statute regarding the harm that Congress intended to prevent, but he fails to explain how Domino's alleged violations of that statute actually harmed him in any plausible, concrete way. (*See id.*, ¶¶ 3-5). Because Mr. Taylor's Amended Complaint rests solely on statutory damages, without any reference to legitimate, actual harm, he lacks standing and his claims must be dismissed.

**Argument and Citation of Authorities**

The U.S. Constitution only empowers Federal courts to decide "cases" or "controversies," meaning that a plaintiff filing an action in Federal court must have standing to pursue that claim. *See* U.S. Const. art. III., § 2. To ensure that a plaintiff has standing, the Court must determine whether a plaintiff has alleged a "concrete

injury." *Glasser v. Hilton Grand Vacations Co.*, 948 F.3d 1301, 1305 (11th Cir. 2020). The United States Supreme Court has explained that a "concrete" injury is one that is "*de facto*," that "must actually exist," and that is "'real' and not 'abstract.'" *Spokeo, Inc. v. Robins*, ___ U.S. ___, 136 S. Ct. 1540, 1548 (2016).

Even when Congress has provided a private right of action in a statute to sue for violations of the statute, the Court must still analyze whether a plaintiff has actually suffered a concrete injury sufficient to provide standing to sue because "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* at 1549; *see also Salcedo v. Hanna*, 936 F.3d 1162, 1167 (2019) ("[A]n act of Congress that creates a statutory right and a private right of action to sue does not automatically create standing.").

The plaintiff bears the burden of establishing his standing to sue, even at the pleading stage, and must "clearly . . . allege facts demonstrating each element" of standing. *Spokeo*, 136 S. Ct. at 1547. When the plaintiff fails to allege sufficient facts to establish a concrete injury, the plaintiff's claims must be dismissed. *See Salcedo*, 936 F.3d at 1172 (reversing the trial court's denial of the defendant's motion to dismiss the plaintiff's complaint, which did not adequately allege facts supporting the plaintiff's standing).

Here, Mr. Taylor alleges that Domino's text messages constituted "harassment," but he utterly fails to explain how he was actually harassed by text messages that he could have ignored or easily blocked on his cell phone. (Am. Compl., ¶ 32). In fact, the content of the text messages he attaches as Exhibit A to his Amended Complaint show that he could have easily replied with the single word "STOP" to end the allegedly harassing messages. Mr. Taylor claims that Domino's invaded his privacy rights, but the Eleventh Circuit has held that the receipt of text messages on a cell phone, in and of itself, does not amount to an invasion of privacy.

In *Salcedo*, the plaintiff sued his former attorney for violating the TCPA by sending him an unsolicited text message. The district court denied the defendant's motion to dismiss the action on the grounds that the plaintiff lacked Article III standing. On appeal, the Eleventh Circuit reversed, holding that the plaintiff had not alleged sufficient facts to carry his burden to demonstrate a concrete injury. The plaintiff insisted that the text message had invaded his privacy. The Eleventh Circuit expressly rejected that argument, noting that, although the TCPA was supported by Congressional findings that telemarketing phone calls to a home landline invade privacy, the TCPA "is completely silent on the subject of unsolicited text messages." *Id.* at 1168-69. The Eleventh Circuit explained that cell phones "often have their ringers silenced, presenting less potential for nuisance and home intrusion." *Id.* at

1169. Moreover, sending a text message to a private cell phone "is not closely related to the severe kinds of actively intermeddling intrusions that the traditional tort [of invasion of privacy] contemplates." *Id.* at 1171.[3] Accordingly, Mr. Taylor's appeal to an alleged "invasion" of his "privacy rights" is not enough to constitute a concrete injury. (*See* Am. Compl., ¶ 32).

Mr. Taylor weakly attempts to add two new allegations about his alleged injuries in his Amended Complaint. Upon inspection, however, neither is sufficient to establish standing. First, Mr. Taylor alleges that the texts depleted his cell phone's battery. (*Id.*, ¶ 20). But even if Mr. Taylor could somehow demonstrate (as opposed to merely speculate) the additional "cost" to charge his phone (either at his residence or via his car battery), such "cost" would be so incalculably *de minimis* that it could not amount to a concrete injury. If the receipt of a handful of texts is not a concrete injury, then the miniscule depletion of the phone's battery caused by the receipt of

[3] Indeed, under Georgia law, a defendant who has made repeated phone calls to a plaintiff has not invaded the plaintiff's privacy. Thus, the plaintiff does not have a common law cause of action against the defendant for such calls. *See Benedict v. State Farm Bank FSB*, 309 Ga. App. 133, 136-37, 709 S.E.2d 314, 317-18 (2011) ("Because [the plaintiff] does not allege any conduct that is akin to surveillance, a physical trespass upon his property, or a physical touching of his person, we must conclude that [the plaintiff] fails to state a claim upon which relief can be granted under any of [Georgia's] intrusion precedents."). This holding would apply with even greater force to the repeated receipt of text messages, which are not nearly as disruptive or "intrusive" as phone calls.

those texts certainly cannot be a concrete injury. *See Mittenthal v. Fla. Panthers Hockey Club, Ltd.*, No. 20-60734-CIV, 2020 WL 3977142, at *8 (S.D. Fla. July 14, 2020) (holding that plaintiffs' receipt of "close to thirty" text messages was not a sufficiently concrete injury to allow standing to pursue a TCPA claim); *Eldridge v. Pet Supermarket Inc.*, No. 18-22531-CIV, 2020 WL 1475094, at *6 (S.D. Fla. Mar. 9, 2020) (same, but with regard to the receipt of six text messages).

Second, Mr. Taylor alleges that his receipt of the texts "used up precious minutes on a limited cellphone plan." (*Id.*, ¶ 32). But Mr. Taylor fails to explain how text messages (which have no duration like phone calls) could possibly deplete call "minutes" on such a plan. When a plaintiff provides a specific example of how an unsolicited text message purportedly injured him, but the example does not comport with reality, the Court is not required to accept that allegation as true. *See Perez v. Golden Tr. Ins., Inc.*, No. 19-24157-CIV, 2020 WL 3969277, at *2 (S.D. Fla. July 6, 2020) (rejecting the plaintiff's an allegation that unsolicited text messages interrupted business calls because "a cell phone user can continue to use all of the device's functions, including receiving other messages, while it is receiving a text message.").

The two new "allegations" of harm add nothing to the standing inquiry and are not "well pleaded." Therefore, even as amended, Mr. Taylor's pleadings fail to

allege standing under Article III. Accordingly, all claims against Domino's in this action must be dismissed.

WHEREFORE, Domino's respectfully moves the Court to dismiss Mr. Taylor's Amended Complaint in its entirety because Mr. Taylor has failed to allege a concrete injury that would confer standing upon him to bring this action.

This the 12th day of August, 2020.

Respectfully submitted,

COLES BARTON LLP

*/s/ Aaron P.M. Tady*

Thomas M. Barton
Georgia Bar Number 040821
Aaron P.M. Tady
Georgia Bar Number 696273

150 South Perry Street, Suite 100
Lawrenceville, Georgia 30046
(770) 995-5552 – Telephone
(770) 995-5582 – Facsimile
tbarton@colesbarton.com
atady@colesbarton.com

*Attorneys for Defendant Domino's Pizza LLC*

**CERTIFICATE OF SERVICE AND COMPLIANCE**

This is to certify that today I electronically filed the within and foregoing **"Defendant Domino's Pizza LLC's Motion to Dismiss Plaintiff's Amended Complaint with Consolidated Brief in Support"** and have served all parties who have appeared in this case using the CM/ECF System, which will automatically generate an e-mail notification of such filing to all the attorneys of record listed with the Clerk of Court.

Pursuant to Local Rule 5.1C, the undersigned counsel for Defendant hereby certifies that the foregoing document was prepared in Times New Roman, 14-point font.

Respectfully submitted this the 12th day of July, 2020.

*/s/ Aaron P.M. Tady*
Aaron P.M. Tady
Georgia Bar Number 696273

COLES BARTON LLP
150 South Perry Street, Suite 100
Lawrenceville, Georgia 30046
(770) 995-5552 – Telephone
(770) 995-5582 – Facsimile
tbarton@colesbarton.com
atady@colesbarton.com

*Attorney for Defendant Domino's Pizza, LLC*