IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| YAMAN F. TAYLOR,<br><br>  Plaintiff,<br><br>v.<br><br>DOMINO'S PIZZA LLC,<br><br>  Defendant. | Civil Action File<br><br>Number 1:20-cv-02531-AT |

**DEFENDANT DOMINO'S PIZZA LLC'S
REPLY BRIEF IN FURTHER SUPPORT OF ITS
<u>MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT</u>**

COMES NOW Defendant Domino's Pizza LLC ("Domino's") and files this reply brief in further support of its motion to dismiss the Amended Complaint of Plaintiff Yaman F. Taylor ("Mr. Taylor") because Mr. Taylor lacks Article III standing to pursue the claims he has asserted.

**<u>Argument and Citation of Authorities</u>**

Mr. Taylor lacks standing to assert claims against Domino's under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") because,

although he claims to have received 45 unsolicited texts from Domino's,[1] he has failed to allege sufficient facts to establish a concrete injury.  *See Salcedo v. Hanna*, 936 F.3d 1162, 1172-73 (2019).

Citing outdated caselaw, Mr. Taylor asserts that the issue for the Court to decide is whether it appears beyond a doubt that he cannot prove any set of facts consistent with his allegation that he has suffered a concrete injury.  (*See* Response, pp. 4-5 [citing *Semrenko v. Cendant Corp.*, 223 F.3d 165 (3rd Cir. 2000)]).  That argument does not reflect the current pleading standard set forth in *Iqbal* and *Twombly*.  Rather, as explained in a more recent Eleventh Circuit opinion that Mr. Taylor cites in his brief,

> [d]ismissal for failure to state a claim is proper if the factual allegations are not enough to raise a right to relief above the speculative level.  A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face.  Stated differently, the factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'

---

[1] Domino's explained in a footnote to its motion to dismiss that, although it has not violated the TCPA, for purposes of this motion the Court did not need to consider the merits of Mr. Taylor's claims beyond his lack of standing to assert them.  Mr. Taylor apparently read that footnote as a broader attack on the sufficiency of his allegations because he expended several pages in his response brief addressing the merits of his claims.  The Court need not address those arguments at this time.  The instant motion is based solely on Mr. Taylor's failure to allege a sufficiently-concrete injury to confer Article III standing.

*Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (cited in plaintiff's response brief at p. 5). When measured by the proper standard, Mr. Taylor's amended complaint lacks sufficient factual allegations to raise his assertion that he has suffered a concrete injury above the speculative level. In fact, his alleged injuries are not even plausible.

Mr. Taylor contends that his case "is the complete opposite" of the case addressed in *Salcedo* because he allegedly received 45 unsolicited text messages whereas the plaintiff in *Salcedo* received only one.[2] But the *Salcedo* Court made it clear that its standing analysis was "qualitative, not quantitative," meaning that the number of text messages alone is not the relevant inquiry to determine standing. *Salcedo*, 936 F.3d at 1172-73. Rather, the quality of the injury that Mr. Taylor alleges to have suffered is what governs the Court's analysis. *See id.* at 1173. Indeed, the Southern District of Florida recently held that a plaintiff lacks standing to sue under the TCPA when the complaint alleged that he received "close to thirty" text messages. *Mittenthal v. Fla. Panthers Hockey Club, Ltd.*, No. 20-60734-CIV, 2020 WL 3977142, at *8 (S.D. Fla. July 14, 2020). Accordingly, Mr. Taylor's

---

[2] As pointed out in Domino's prior brief, the amended complaint mistakenly asserts in a few of its paragraphs that Domino's made unsolicited phone calls to Mr. Taylor (those assertions apparently left over from Mr. Taylor's prior TCPA complaints filed in this Court against other parties). Mr. Taylor confirms in his response that he is complaining only about text messages. (*See* Response, pp. 2-3).

-3-

attempt to distinguish *Salcedo* based solely upon the number of alleged text messages is misplaced.

Mr. Taylor relies on three specific allegations in an effort to establish a concrete injury: (1) an invasion of privacy purportedly amounting to "a course of hounding the plaintiff," (2) the use of "precious minutes on a limited cellphone plan," and (3) a depletion of his battery as a result of the receipt of the text messages. (Response, pp. 3-4, 6). None of those allegations is sufficient to establish standing.

First, the *Salcedo* Court specifically stated that the mere receipt of text messages does not invade the privacy of the recipient. *See Salcedo*, 936 F.3d at 1171 (holding that the receipt of text messages "is not closely related to the severe kinds of actively intermeddling intrusions that the traditional tort [of invasion of privacy] contemplates.").[3] The portion of the *Salcedo* opinion that Mr. Taylor attempts to parrot when he alleges that the text messages he purportedly received "amount[ed] to a course of hounding the Plaintiff" (Amend. Compl., ¶ 32), is actually a quote from the Restatement of Torts addressing repeated and persistent ***phone calls***, not

---

[3] Mr. Taylor erroneously relies on *Palm Beach Golf Center—Boca, Inc. v. Sarris*, 781 F.3d 1245 (11th Cir. 2015), in an attempt to circumvent the holding in Salcedo that text messages do not constitute an invasion of privacy. But *Palm Beach* involved unsolicited faxes rather than text messages. *Id.* at 1248-49. Similarly, Mr. Taylor's reliance on decisions from the Ninth Circuit regarding standing under the TCPA are not binding on this Court.

texts.  Notably, the purpose of the Eleventh Circuit's citation to that comment was to *contrast* it with the lack of similar harm from the mere receipt of text messages. *See id.*

Second, Mr. Taylor's allegation that text messages somehow used minutes on his cellphone plan is facially nonsensical.  This Court is not required to accept as true allegations that are not plausible on their face.  *See Edwards*, 602 F.3d at 1291. As explained in Domino's prior brief, when a plaintiff provides a specific example of how an unsolicited text message purportedly injured him, but the example does not comport with reality, the Court is not required to accept that allegation as true. *See Perez v. Golden Tr. Ins., Inc.*, No. 19-24157-CIV, 2020 WL 3969277, at *2 (S.D. Fla. July 6, 2020) (rejecting the plaintiff's allegation that unsolicited text messages interrupted business calls because "a cell phone user can continue to use all of the device's functions, including receiving other messages, while it is receiving a text message.").  Mr. Taylor made no response to this argument, failing to explain how a text message could possibly use "minutes" in a cellphone plan.  Accordingly, this allegation cannot support Mr. Taylor's assertion that he has suffered an actual, concrete injury.

Finally, Mr. Taylor's allegation that the text messages caused his phone battery to need additional time to charge is similarly unavailing.  Again, Domino's

addressed this allegation in its prior brief, and Mr. Taylor did not respond to it. As explained previously, if the receipt of a handful of texts is not a concrete injury, then the miniscule depletion of the phone's battery allegedly caused by the receipt of those texts certainly cannot constitute a concrete injury. *See Mittenthal*, 2020 WL 3977142, at *8; *Eldridge v. Pet Supermarket Inc.*, No. 446 F. Supp. 3d 1063, 1071-72 (S.D. Fla. 2020) (holding that the plaintiff's receipt of six text messages was not a sufficiently concrete injury to provide standing to pursue a TCPA claim). The depletion of Mr. Taylor's battery from 45 text messages, received over a several month period, is far too *de minimis* to constitute a concrete injury.

Accordingly, Mr. Taylor has failed to allege any facts that sufficiently support his assertion that he has suffered a concrete injury as a result of Domino's purported violations of the TCPA. Because he has failed to allege a concrete injury, Mr. Taylor has not carried his burden of showing that he has standing to sue. *See Trichell v. Midland Credit Management, Inc.*, 964 F.3d 990, 996 (11th Cir. 2020) (holding that, at the motion to dismiss stage, plaintiffs bear "the burden of alleging facts that plausibly establish their standing").

## Conclusion

For the foregoing reasons, and for the reasons given in Domino's prior briefing, the Court must dismiss Mr. Taylor's amended complaint due to his lack of standing to bring this action.

This the 1st day of September, 2020.

Respectfully submitted,

COLES BARTON LLP

 */s/ Aaron P.M. Tady*
Thomas M. Barton
Georgia Bar Number 040821
Aaron P.M. Tady
Georgia Bar Number 696273

150 South Perry Street, Suite 100
Lawrenceville, Georgia 30046
(770) 995-5552 – Telephone
(770) 995-5582 – Facsimile
tbarton@colesbarton.com      *Attorneys for Defendant Domino's*
atady@colesbarton.com        *Pizza LLC*

## CERTIFICATE OF SERVICE AND COMPLIANCE

This is to certify that today I electronically filed the within and foregoing **"Defendant Domino's Pizza LLC's Reply Brief in Further Support of its Motion to Dismiss Plaintiff's Amended Complaint"** and have served all parties who have appeared in this case using the CM/ECF System, which will automatically generate an e-mail notification of such filing to all the attorneys of record listed with the Clerk of Court.

Pursuant to Local Rule 5.1C, the undersigned counsel for Defendant hereby certifies that the foregoing document was prepared in Times New Roman, 14-point font.

Respectfully submitted this the 1st day of September, 2020.

                                                 /s/ Aaron P.M. Tady
                                                Aaron P.M. Tady
                                                Georgia Bar Number 696273

COLES BARTON LLP
150 South Perry Street, Suite 100
Lawrenceville, Georgia 30046
(770) 995-5552 – Telephone
(770) 995-5582 – Facsimile
tbarton@colesbarton.com        *Attorney for Defendant Domino's*
atady@colesbarton.com          *Pizza, LLC*